UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-cv-21463-GAYLES

THE LIVERPOOL FOOTBALL CLUB
AND ATHLETIC GROUNDS LIMITED,

           **Plaintiff,**

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

           **Defendants.**
_____/

**ORDER ON PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION**

**THIS CAUSE** came before the Court upon The Liverpool Football Club and Athletic Grounds Limited's ("Plaintiff") Motion for Entry of a Preliminary Injunction (the "Motion"). [ECF No. 9]. In the Motion, Plaintiff moves for entry of a preliminary injunction against the Defendant Identified on Schedule A ("Defendant") and entry of an order restraining the financial accounts used by Defendant, pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65, Section 32 of the Lanham Act 15 U.S.C. § 1114, and The All Writs Act, 28 U.S.C. § 1651(a).

The Court previously entered an order granting Plaintiff's *ex parte* Motion for Entry of Temporary Restraining Order ("TRO"). [ECF No. 15]. Upon Plaintiff's showing of good cause, the Court extended the TRO to expire on May 7, 2025. [ECF No. 23]. The Court convened a public hearing on May 7, 2025. Plaintiff certified that it served Defendant with notice of the hearing on May 1, 2025. [ECF No. 30-1].

Only counsel for Plaintiff appeared at the hearing on the Motion. As represented by Plaintiff's counsel at the hearing and reflected on the docket of this case, Defendant has not made an appearance, indicated an intention to challenge the TRO, or otherwise answered and/or defended against the Complaint. The Court heard argument from Plaintiff and reviewed the evidence that Plaintiff's counsel presented to the Court.

Upon due consideration of the Motion, the pertinent portions of the record, the relevant authorities, and for the reasons set forth herein, the Motion is **GRANTED** in its entirety.

## I.      FACTUAL BACKGROUND

The following background is taken from Plaintiff's Complaint, [ECF No. 1], the Motion, and supporting evidentiary submissions and exhibits.

Plaintiff alleges it is the owner of the following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (the "LFC Trademarks"). [ECF No. 9-2 at ¶ 7].

| Registration No. | Trademark |
|---|---|
| 6,816,910 | LIVERPOOL FOOTBALL CLUB |
| 6,762,837 | LIVERPOOL FC |
| 6,756,305 | LFC |
| 6,749,353 | YOU'LL NEVER WALK ALONE |
| 6,805,698 | YNWA |
| 5,089,345 | THE NORMAL ONE |
| 3,307,401 | [Liverpool FC crest logo: "YOU'LL NEVER WALK ALONE / LIVERPOOL FOOTBALL CLUB / EST·1892"] |

| Registration No. | Trademark |
|---|---|
| 3,867,538 | Liverpool Football Club crest (You'll Never Walk Alone, EST. 1892) |
| 4,169,888 | Liver bird with L.F.C. |
| 6,742,770 | Liver bird |
| 6,756,306 | Liver bird with L.F.C. |

Plaintiff alleges that Defendant, through a fully interactive, e-commerce store[1] operating under the seller alias identified on Schedule "A" to the Complaint and attached hereto (the "Seller Alias"), has advertised, promoted, offered for sale, sold, or imported goods bearing and/or embodying what Plaintiff has determined to be counterfeits, infringements, reproductions, or colorable imitations of the LFC Trademarks.  *See* ECF No. [1] at ¶¶ 3, 5. Plaintiff alleges that it has not licensed or authorized Defendant to use any of the LFC Trademarks, and Defendant is not an authorized retailer of genuine Plaintiff's products.  ECF No. [9-2] at ¶¶ 15, 17.

Plaintiff attests that it investigated the promotion and sale of infringing and counterfeit versions of its branded products by Defendant. *Id.* at ¶ 15. Plaintiff alleges that it analyzed the e-commerce store operating under the Seller Alias and determined that Counterfeit Products were being offered for sale to residents of the United States. *Id*. at ¶¶ 15, 16. In addition, the e-commerce store offered shipping to the United States. *Id*. at ¶ 15. Plaintiff attests that it conducted a review and visually inspected the purchased products using infringing and counterfeit versions of the LFC Trademarks, and determined said products were non-genuine, unauthorized versions of Plaintiff's products. *Id*. at ¶ 15.

## II.     LEGAL STANDARD

To obtain a preliminary injunction, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*,

---

[1] Defendant's e-commerce store URL is listed on Schedule A hereto under the Online Marketplaces.

51 F.3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case).

## III. CONCLUSIONS OF LAW

The declarations Plaintiff submitted in support of its Motion support the following conclusions of law:

A. Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by Defendant's advertisement, promotion, sale, offer for sale, and/or distribution of products using infringing and/or counterfeit versions of the LFC Trademarks, and that the products Defendant is selling and promoting for sale are copies of Plaintiff's respective products that bear and/or use infringing and/or counterfeit versions of the LFC Trademarks;

B. This Court has personal jurisdiction over Defendant because Defendant directly targets its business activities toward consumers in the United States. Specifically, Defendant has targeted sales to United States residents by setting up and operating e-commerce stores that target United States consumers using the Seller Aliases, offer shipping to the United States, and/or have sold products using infringing and/or counterfeit versions of the LFC Trademarks.

C. Because of the infringement of Plaintiff's LFC Trademarks, Plaintiff is likely to suffer immediate and irreparable injury if a temporary restraining order is not granted. The following specific facts, as set forth in Plaintiff's Complaint, Motion, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers unless Plaintiff's request for relief is granted:

      i.      Defendant owns, operates, and/or controls a fully interactive, e-commerce store operating under the Seller Alias which advertises, offers for sale, sell, and/or ships products to customers in the United States using infringing and/or counterfeit versions of the LFC Trademarks; and

      ii.     There is good cause to believe that Defendant's products using infringing and/or counterfeit versions of the LFC Trademarks will appear in the marketplace; that consumers are likely to be misled, confused, and disappointed by the quality of these products; and that the Plaintiff may suffer loss of sales for its genuine products and an unnatural erosion of the legitimate marketplace in which it operates.

D.    The potential harm to Defendant in restraining its trade in counterfeit and/or infringing goods through its e-commerce stores and freezing ill-gotten profits if a preliminary injunction is granted is far outweighed by the irreparable harm Plaintiff, its reputation, and its goodwill has suffered and will continue to suffer if a temporary restraining order is not granted.

E.    The public interest favors issuance of the preliminary injunction to prevent consumer confusion and dispel the false impression that Defendant is operating its e-commerce stores with Plaintiff's approval and endorsement, as well as protect Plaintiff's legitimate trademark interests.

F.    Under 15 U.S.C. § 1117(a), Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendant's distribution and sale of goods using infringing and/or counterfeit versions of the LFC Trademarks. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) (quoting *Fuller Brush Prods. Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir.

    1962) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity'")).

G.  Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987.

H.  In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendant has violated federal trademark laws, Plaintiff has good reason to believe Defendant will hide or transfer its ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

Upon review of Plaintiff's Complaint, Motion, and supporting evidentiary submissions, it is **ORDERED AND ADJUDGED** that the Motion is **GRANTED,** under the terms set forth below:

1. Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

   a. using the LFC Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine LFC product or not authorized by Plaintiff to be sold in connection with the LFC Trademarks;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine LFC product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the LFC Trademarks;

    c. committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing the LFC Trademarks and damaging Plaintiff's goodwill; and

    e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the LFC Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof.

2. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for Defendant, or in connection with any of the Online Marketplaces, including, without limitation, any online marketplace platforms such as AliExpress, Alibaba Group Holding Ltd., and Alibaba.com Singapore E-Commerce Private Limited (collectively, "Alibaba") and PayPal, Inc. ("PayPal") shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

    a. the identity and locations of Defendant, its affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. the nature of Defendant's operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendant's financial accounts, as well as providing a full accounting of Defendant's sales and listing history related to its Online Marketplaces; and

    c. any financial accounts owned or controlled by Defendant, including its agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Alipay, Alibaba, Ant Financial Services Group ("Ant Financial"), or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

3. Upon Plaintiff's request, those with notice of the injunction, including the Third-Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of counterfeit and/or infringing goods using the LFC Trademarks.

4. Defendant shall be temporarily and preliminarily restrained and enjoined from transferring or disposing of any money or other of Defendant's assets until further ordered by this Court.

5. Any Third-Party Providers shall within seven (7) calendar days of receipt of this Order:

    a. locate all accounts and funds connected to Defendant, the Seller Alias, and Online Marketplaces, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in the Declaration of Paul Dicken, and any e-mail addresses provided for Defendant by third parties; and

    b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendant's assets until further ordered by this Court.

6. Plaintiff is authorized to issue expedited written discovery, pursuant to Federal Rules of Civil Procedure 33, 34 and 36, related to:

    a. the identities and locations of Defendant, its affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information, including any and all associated e-mail addresses; and

    b. the nature of Defendant's operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendant's financial accounts, as well as providing a full accounting of Defendant's sales and listing history related to its Online Marketplaces.

    Plaintiff is authorized to issue any such expedited discovery requests via e-mail. Defendant shall respond to any such discovery requests within three (3) business days of being served via e-mail.

7. Defendant may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and Southern District of Florida Local Rules.

8. Pursuant to Section 1116(d)(5)(D) of Title 15, United States Code, and Federal Rule of Civil Procedure 65(c), Plaintiff shall maintain its previously posted bond in the amount of **Ten Thousand Dollars and Zero Cents ($10,000.00)**, ECF No. [18], as payment of damages to which Defendant may be entitled for a wrongful injunction or restraint during the pendency of this action or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.

9. After Plaintiff's counsel has received confirmation from the financial institutions regarding the funds restrained as directed herein, Plaintiff shall publish copies of the Complaint, the Motion, and this Order, as well as all other documents filed in this action on the website located at website http://gbcinternetenforcement.net/25-21463/ and shall e-mail each Defendant a link to said website and a copy of the Complaint, the Motion, and this Order. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendant receives from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendant of the pendency of the action and afford them the opportunity to present its objections.

10. This Preliminary Injunction shall remain in effect until such further dates as set by the Court or stipulated by the parties.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of May, 2025

.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

**The Liverpool Football Club and Athletic Grounds Limited v. The Partnerships and Unincorporated Associations Identified on Schedule "A" - Case No. 1: 25-cv-21463-DPG**

# Schedule A

| Defendant Online Marketplaces | | |
|---|---|---|
| No. | URL | Name / Seller Alias |
| 1 | nczhuosen.en.alibaba.com | Nanchang Choosen Import & Export Co., Ltd. |